# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2967

_____

|  |  |  |
|---|---|---|
| Marvin Klehr; Mary Klehr, | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Charles R. Crafts; Leonard, Street and | * | Appeal from the United States |
| Deinard, a Professional Association; | * | District Court for the |
| Frederick Morris; Blake Shepard, Jr., | * | District of Minnesota. |
| | * | |
| Defendants - Appellees, | * | [UNPUBLISHED] |
| | * | |
| A.O. Smith Harvestore Products, Inc., | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: January 14, 2003

Filed: July 15, 2003

_____

Before LOKEN[1], BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

Marvin and Mary Klehr appeal from an adverse grant of summary judgment. We agree with the district court[2] and accordingly affirm the decision below.

I

In June 1991, the Klehrs brought a lawsuit in Minnesota state court against the A.O. Smith Corporation (A.O. Smith) and its former subsidiary, A.O. Smith Harvestore Products, Inc. The Klehrs sought damages arising out of the purchase and use of a grain silo manufactured by A.O. Smith. Leonard, Street & Deinard, P.A., and Mr. Frederick Morris and Mr. Blake Shepard, Jr., attorneys at the Leonard Street firm, the defendants in the present action, (the defendants) represented A.O. Smith.

In March 1993, Charles Crafts, an employee of the Klehrs, contacted A.O. Smith and claimed to have information damaging to the Klehrs' case. A.O. Smith referred Crafts to its attorneys who in turn met with Crafts. While some details of what happened at this meeting are contested, it is undisputed: (1) Crafts made some statements about the operations at the Klehr farm; (2) Morris and Shepard suggested and Crafts agreed to record events at the Klehr farm; and (3) while Crafts was never paid for the information he provided, he may have believed he would be compensated if he assisted in the lawsuit.

Following this initial meeting, Crafts made several telephone calls to A.O. Smith's attorneys to report several events and to describe farming practices at the farm. Crafts also took photographs and made a videotape of the conditions on the farm. Crafts recorded his notes on his home computer and brought both a one-page "hard copy" and a computer diskette containing the same information to a subsequent

---

[2]The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

meeting with the attorneys. The single page of notes was expanded into a narrative format with the assistance of the attorneys. This document became the "diary" referred to by the parties. With the diary completed, and just weeks before trial, A.O. Smith produced Crafts as a witness.

In response, after meeting with Crafts for about an hour but without seeking a continuance the Klehrs voluntarily dismissed their lawsuit in state court. Approximately two weeks later, on August 28, 1993, the Klehrs filed an action in federal court, which was substantially identical to the state court action except it now included a federal RICO claim.

On December 21, 1993, the district court found the Klehrs' dismissal of their state court action a "blatant exercise in forum shopping." Accordingly, the district court awarded A.O. Smith costs and fees under Fed. R. Civ. P. 41(d).

On May 19, 1994, A.O. Smith brought a motion for summary judgment based on the expiration of the statute of limitations. The district court examined the evidence, found the lawsuit untimely and granted A.O. Smith's summary judgement motion. Klehr v. A.O. Smith Corp., 875 F. Supp. 1342, 1353 (D. Minn. 1995). Summary judgment was affirmed by a panel of the Eighth Circuit, Klehr v. A.O. Smith Corp., 87 F.3d 231, 240 (8th Cir. 1996), and ultimately by the Supreme Court. Klehr v. A.O. Smith Corp., 521 U.S. 179, 196 (1997) (affirming our decision after examining the statute of limitations question as it applied to the RICO claim).

In January 1999, the Klehrs filed an ethics complaint with the Minnesota Lawyers Professional Responsibility Board. On April 28, 1999, following an investigation, the Board determined discipline was not warranted.

In November 1999, the Klehrs located Crafts and questioned him about his involvement in the case. Crafts claimed he perjured himself in the prior action.

Following this revelation, the Klehrs retained an attorney who immediately took a sworn statement from Crafts.

In July 2000, the Klehrs again filed a complaint in Minnesota state court. They contended the defendants suborned perjury and presented false evidence in the original action. The state court dismissed the case without prejudice on venue grounds, finding none of the alleged perjury occurred in Scott County Minnesota.

On March 16, 2001, the Klehrs filed the present action for fraud. They sought damages arising out of the alleged subornation of perjury and presentation of false evidence in the original state court action. Specifically, they sought compensation for the excess litigation costs incurred as a result of dismissing the original state court action due to the presentation of Crafts's allegedly fabricated evidence and re-commencing and appealing the disposition of their suit in federal court. They did not, however, seek damages stemming from their ultimate defeat in federal court. The defendants successfully moved for summary judgment. The Klehrs appeal.

II

We review a district court's grant of summary judgment de novo. E.g.,United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). "The question before the district court, and this court on appeal, is whether the record, when viewed in light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.; Fed. R. Civ. P. 56(c). Summary judgment is mandated when the non-moving party fails to introduce sufficient evidence to establish an essential element of the case for which the party would have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Klehrs characterized their assertion the defendants suborned perjury and fabricated evidence as a "fraud" claim. In Western Contracting Corp. v. Dow Chem. Co., we explained:

> Fraud, under Minnesota law as recognized by this court, requires: (1) a representation; (2) the representation must be false; (3) the representation must deal with past or present fact; (4) the fact must be material; (5) the fact must be susceptible of knowledge; (6) the representer must know the fact is false or assert it as of his own knowledge; (7) the representer must intend to have the other person induced to act or justified in acting upon it; (8) the other person must be induced to act or justified in acting; (9) that person's actions must be in reliance upon the representation; (10) that person must suffer damages; and (11) the misrepresentation must be the proximate cause of injury.

664 F.2d 1097, 1100-01 (8th Cir. 1981).

For the Klehrs' case to survive summary judgment, therefore, the facts when viewed in the light most favorable to the Klehrs must suggest Crafts's diary was false, the defendants knew it was false, and these falsehoods caused the Klehrs to voluntarily dismiss their original state court case, thus costing the Klehrs the excess legal costs incurred by re-filing in federal court. The facts do not support this view.

Crafts claimed he perjured himself in the prior action at the request of the defendants, but when opposing counsel questioned Crafts about each page of the seven-page diary, he was unable to point to any falsity within it at all, let alone any he added to the document at the defendants' request. At oral argument Klehrs' counsel admitted exactly this explaining Crafts cannot point to a particular falsehood he was asked to add to his diary by the defendants.

The Klehrs argue, however, the diary alone, even if its contents are truthful, is a falsehood because it was represented as a contemporaneous statement but in fact

was embellished or polished by the defendants. While the Klehrs' attorney at oral argument insisted it was "undisputed" the document was represented by the defendants as a contemporaneous statement, he was unable to point to evidence in the record to support this assertion; we also are unable to find any evidence the defendants misrepresented the diary.

Like the district court, therefore, our review of the facts does not reveal any support for the assertion that Crafts' original testimony was false, or was elicited by the defendants. Without such evidence fraud cannot be proved.

## III

Accordingly, summary judgment was appropriate, and the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.